MINNESOTA FEDERATION OF TEACHERS, et al., Respondents,

v.

MINNESOTA EDUCATION ASSOCIATION, Appellant,

Independent School District No. 876, et al., Respondents,

Independent School District No. 280, Respondent.

No. 47006.

Supreme Court of Minnesota.

Aug. 26, 1977.

Oppenheimer, Wolff, Foster, Shepard & Donnelly and Eric R. Miller, St. Paul, for appellant.

Peterson, Engberg & Peterson, Roger A. Peterson and William F. Garber, Minneapolis, for Minn. Fed. of Tchrs., et al.

Peterson, Popovich, Knutson & Flynn and Peter S. Popovich, Richard J. Sands, St. Paul, for Ind. Sch. Dist. No. 876, et al.

LeFevere, Lefler, Hamilton & Pearson, Minneapolis, for Ind. Sch. Dist. 280.

PER CURIAM.

Defendant Minnesota Education Association (MEA), designated as the exclusive representative of certified school teachers in various independent school districts, as-

sessed a "fair share" fee against nonaffiliated teachers, some of them members of plaintiff Minnesota Federation of Teachers (MFT), in January 1975. The fee was identical in amount to MEA membership fees.

Plaintiff, in March 1975, moved for a temporary injunction restraining collection of such fees on the statutory ground that "the required contribution[s] exceed[ed] a pro rata share of the specific expenses incurred for services rendered by the representative in relationship to negotiations and administration of grievance procedures." Minn.St.1974, § 179.65, subd. 2. On April 2, 1975, the trial court, pursuant to stipulation of the parties, directed that all such fees checked off by the school districts be placed in an escrow account.

Thereafter, effective April 1, 1976, the statute was amended by L.1976, c. 102, §§ 3 and 4, to provide that the director of mediation services was "to hear and decide all issues in a fair share fee challenge," Minn.St. 179.71, subd. 2, subject to final determination on the record by the Public Employment Relations Board, Minn.St. 179.72, subd. 3. These provisions for agency determination of the propriety of the fair share fee were expressly made retroactively applicable to any pending proceedings. A further amendment, L.1976, c. 102, § 2, provided that the fair share fee shall in no event exceed 85 percent of regular membership dues and that in the event of challenge, the collected fee should be placed in escrow, Minn.St. 179.65, subd. 2—but this provision was not made retroactive to proceedings pending on the date of enactment.

Plaintiff MFT, at the time of enactment of these amendments, had pending a motion challenging the 1975 fees and petitioning for termination of the escrow arrangement.

The trial court, in deciding the motion subsequent to the amendments, ruled that it lacked jurisdiction and that the parties must utilize the procedures set out in the new law for that purpose. However, and notwithstanding its conclusion that it was unable to determine from the evidence what portion of the fair share fee was clearly negotiation and grievance procedure expenses, the trial court ordered that 15 percent of the 100 percent fair share fee deduction held in escrow should be returned pro rata, with interest, to the school districts for distribution to those individuals from whom such funds were collected, and that "the remaining 85 percent of the 'fair share' fee charged non-members of [MEA] shall continue to be held in escrow pending the action of the Director of Mediation Services in this matter and further Order of this Court."

The order of refund upon which this appeal of MEA is focused plainly has no statutory basis and must be reversed and remanded with directions to the trial court to delete such provision from its order, thus continuing the pre-existing escrow order. We think it plainly erroneous even on general equitable principles. Notwithstanding the conceded lack of an evidentiary basis, the order effectively prejudged the merits to be heard and determined by a different tribunal. Just how much of the escrowed sums are excessive will more accurately be determined upon all the evidence adduced in the statutory proceedings, free from conjecture. The individual school teachers are reasonably protected by later refund, with interest, of any excess of escrowed fees exacted for the relatively short period involved prior to the 1976 amendments. MEA, on the other hand, clearly would be placed in an unreasonably handicapped position of undertaking to re-collect from numerous individuals any amounts in excess of 85 percent that might hereafter be found to have been permissible. The new procedure, in short, provides an adequate remedy for plaintiffs.

Reversed and remanded with directions.